**STATE of Minnesota, Respondent,**

v.

**Keith Leslie REGISTER, Appellant.**

**No. C9–90–1259.**

Supreme Court of Minnesota.

June 7, 1991.

John M. Stuart, State Public Defender, Marie L. Wolf, Asst. Public Defender, Minneapolis, for appellant.

Paul Kempainen, Asst. Atty. Gen., St. Paul, and Paul G. Morreim, Freeborn County Atty., Albert Lea, for respondent.

PER CURIAM.

We granted the defendant's petition for review of the court of appeals' unpublished decision in this case for the limited purpose of providing the trial court with an opportunity to correct an apparent mistake in the pronouncement of the defendant's sentence.

Minnesota Sentencing Guidelines II.C.03. provides:

> When a stay of execution is given, the presumptive sentence length shown in the appropriate cell should be pronounced, but its execution stayed. If the sentence length pronounced, but stayed, differs from that shown in the appropriate cell, that is a departure from the guidelines.

See also, to the same effect, Minnesota Sentencing Guidelines III.A.1. ("When the appropriate cell of the Sentencing Guidelines Grid provides a stayed sentence, and when the judge chooses to grant that stay by means of a stay of execution, the duration of prison sentence shown in the appropriate cell is pronounced, but its execution is stayed.")

In this case it appears that the presumptive sentence was above the dispositional line, meaning that, unless grounds for departure existed, the trial court had to either stay imposition of sentence or impose the sentence length shown in the appropriate cell and stay execution. Instead of imposing the 15–month sentence length shown in the appropriate cell, the trial court committed the defendant to the Commissioner of Corrections for five years and stayed execution of sentence.

The court of appeals affirmed, saying that "When the trial court gives a stayed sentence, the duration of the stayed sentence may exceed the presumptive sentence length indicated in the Sentencing Guidelines Grid and may be as long as the statutory maximum for the offense." This is a misinterpretation of the law and is based on a misreading of nearly identical language appearing in Minnesota Sentencing

Guidelines III.A.102. comment. All III. A.102. does is recognize that the length of the stay of execution, not the sentence imposed, may exceed the length shown in the appropriate cell.

Here the trial court apparently did not intend to depart since no departure report was filed. What the trial court apparently meant was that the stay of execution would be for five years. However, technically the trial court imposed a five-year sentence when under the Sentencing Guidelines it was free to impose only the sentence shown in the appropriate cell.

Accordingly, we reverse the decision of the court of appeals and remand to the district court so that the district court may correct this apparently inadvertent mistake.

Affirmed in part, reversed in part, and remanded to trial court for resentencing.